KENNETH B. WILSON, State Bar No. 130009
STEFANI E. SHANBERG, State Bar No. 206717
SARAH E. PIEPMEIER, State Bar No. 227094
PERKINS COIE LLP
180 Townsend Street, 3rd Floor
San Francisco, California 94107-1909
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendant and Counterclaimant
FORTINET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TREND MICRO INCORPORATED, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FORTINET, INC., a Delaware corporation,<br><br>    Defendant. | CASE NO. C04 01785 MMC<br><br>**FORTINET, INC.'S ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| AND RELATED COUNTERCLAIMS | |

## ANSWER

Defendant and Counterclaimant Fortinet, Inc. ("Fortinet") hereby answers plaintiff and counterdefendant Trend Micro Incorporated's ("Trend") Complaint, on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### GENERAL ALLEGATIONS

1. Fortinet admits the allegations of Paragraph 1.

2. Fortinet admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Answering the allegations of Paragraph 3, Fortinet admits that this Court has subject matter jurisdiction over this action, as Trend purports to bring this action under the patent laws of the United States. Except as thus expressly admitted, Fortinet denies the allegations of Paragraph 3.

4. Answering the allegations of Paragraph 4, Fortinet admits that venue is proper in this judicial district. Except as thus expressly admitted, Fortinet denies the allegations of Paragraph 4.

## CLAIMS FOR INFRINGEMENT OF U.S. PATENT NO. 5,623,600

5. Answering the allegations of Paragraph 5, Fortinet admits that United States Patent No. 5,623,600 (the "'600 Patent") is entitled "Virus Detection and Removal Apparatus for Computer Networks", issued to Shuang Ji and Eva Chen on April 22, 1997, and lists Trend as assignee. Except as thus expressly admitted, Fortinet denies the allegations of Paragraph 5.

6. Fortinet denies the allegations of Paragraph 6.

7. Fortinet denies the allegations of Paragraph 7.

8. Fortinet denies the allegations of Paragraph 8.

9. Fortinet denies the allegations of Paragraph 9.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10. Trend's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

11. Trend's claims are barred by its unclean hands.

### THIRD AFFIRMATIVE DEFENSE

12. The '600 Patent is invalid under 35 U.S.C. §102.

### FOURTH AFFIRMATIVE DEFENSE

13. The '600 Patent is invalid under 35 U.S.C. §103.

## FIFTH AFFIRMATIVE DEFENSE

14. The '600 Patent is invalid under 35 U.S.C. §112.

## SIXTH AFFIRMATIVE DEFENSE

15. The '600 Patent is unenforceable by virtue of Trend's inequitable conduct in the preparation and/or prosecution of the '600 Patent. In particular, at least Eva Chen, a named inventor on the '600 Patent who was involved in the preparation and prosecution of the application that led to the issuance of the '600 Patent, was aware of prior art material to the patentability of the '600 Patent by virtue of her work at Intel, and failed to disclose such prior art and/or misrepresented such art to the Patent Office and/or the prosecuting attorney.

## SEVENTH AFFIRMATIVE DEFENSE

16. Trend's claims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

17. Trend's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

18. Trend's claims are barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

19. Fortinet has not infringed, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '600 Patent.

## COUNTERCLAIMS

Defendant and counterclaimant Fortinet, Inc. ("Fortinet") hereby alleges for its Counterclaim against plaintiff and counterdefendant Trend Micro Incorporated ("Trend") on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## THE PARTIES

20. Counterclaimant Fortinet is a Delaware corporation with its principal place of business at 920 Stewart Drive, Sunnyvale, California.

21. Counterdefendant Trend is a California corporation with its principal place of

business at 10101 N. De Anza Blvd., Cupertino, California.

## JURISDICTION AND VENUE

22. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a), as this action arises under the patent laws of the United States.

23. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as this is a judicial district in which a substantial portion of the events giving rise to the causes of action occurred.

## INTRA DISTRICT ASSIGNMENT

24. This action should be before the San Jose Division of the U.S. District Court for the Northern District of California pursuant to Civil L.R. 3-2(c) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in Santa Clara County. This counterclaim is properly filed in the San Francisco Division, however, because the original complaint was so assigned.

## COUNTERCLAIM FOR DECLARATORY RELIEF

**(Declaratory Relief Regarding the '600 Patent)**

25. Fortinet realleges and incorporates by reference each allegation contained in Paragraphs 20-24, inclusive, as if fully set forth herein.

26. Fortinet develops, manufactures and sells systems for network protection.

27. On or about April 22, 1997, United States Patent No. 5,623,600 (the "'600 Patent"), entitled "Virus Detection and Removal Apparatus for Computer Networks," issued to named inventors Shuang Ji and Eva Chen. The face of the patent states that the '600 Patent was assigned to Trend.

28. On or about May 5, 2004, Trend filed its Complaint for Patent Infringement alleging infringement of the '600 Patent, naming Fortinet as Defendant.

29. On or about May 5, 2004, Trend filed a Complaint with the International Trade Commission ("ITC") alleging unfair import practices based upon patent infringement allegations of the '600 Patent and asking the ITC to institute an investigation and name Fortinet as Respondent.

-4-

30. Fortinet has not infringed, is not now infringing, has not contributorily infringed, and has not induced infringement, either directly or indirectly, of any valid claim of the '600 Patent named in Trend's Complaint.

31. The '600 Patent is invalid because it fails to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code.

32. Trend denies some or all of the allegations in Paragraphs 30 and 31 above. Therefore, a valid and justiciable controversy has arisen and exists between Fortinet and Trend. Fortinet desires a judicial determination and declaration of the parties' respective rights concerning the '600 Patent. Such a determination is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the validity and alleged infringement of the '600 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Fortinet requests that the Court enter judgment in its favor and against Trend on both Trend's Complaint and Fortinet's Counterclaim as follows:

a. Dismissing Trend's claims for patent infringement with prejudice and declaring that Trend take nothing by way of its Complaint;

b. Declaring that Fortinet has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '600 Patent;

c. Declaring that the claims of the '600 Patent are invalid and/or unenforceable;

d. Ordering that Trend, its agents, and all persons acting in concert or participation with Trend, be enjoined from charging infringement of or instituting any further action for infringement of the '600 Patent against Fortinet;

e. Awarding Fortinet its costs incurred in this action, disbursements and attorneys fees to the extent permitted by law; and

1       f.     Granting such other and further relief as this Court may deem just and proper.

DATED: May 25, 2004.

**PERKINS COIE LLP**

By            /s/
       Kenneth B. Wilson

Attorneys for Defendant and Counterclaimant
FORTINET, INC.

## Certification of Interested Parties

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: May 25, 2004.

**PERKINS COIE LLP**

By _____/s/_____
Kenneth B. Wilson

Attorneys for Defendant and Counterclaimant
FORTINET, INC.

## Demand for Jury Trial

Defendant and Counterclaimant Fortinet, Inc. hereby demands a trial by jury of this action.

DATED: May 25, 2004.

**PERKINS COIE LLP**

By _____/s/_____
   Kenneth B. Wilson

Attorneys for Defendant and Counterclaimant
FORTINET, INC.